UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                   :

FRED ALSTON, as a Trustee of THE LOCAL :
272 LABOR MANAGEMENT PENSION     :
FUND; FRED ALSTON, as a Trustee of THE :
LOCAL 272 WELFARE FUND,           :               23-cv-212 (VSB)
                                   :

                     Plaintiffs,   :               **ORDER**
                                   :

           -against-         :
                                   :

THE CAR PARK OF NEW YORK, LLC,    :
                                 :

                 Defendant.   :
--------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on January 10, 2023, seeking damages, interest, attorneys' fees

and costs pursuant to 29 U.S.C. §§ 1145 and 1132(g).  (Doc. 1.) Plaintiff filed an affidavit of

service on February 26, 2023, (Doc. 6), stating that Defendant had been served on January 23,

2023, (*Id*.)  Defendant failed to appear or file an answer and on March 1, 2023, I entered an order

informing Plaintiff that if they did not take action to prosecute the case, "I may dismiss this case

for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (Doc. 7.)  On March

3, 2023, Plaintiff received a certificate of default from the Clerk of the Court.  (Doc. 10.)  On

March 6, 2023, Plaintiff filed a proposed default judgment, a declaration in support of their

motion for default judgment, and a proposed order to show cause without emergency relief.

(Docs. 12–14.)  On March 7, 2023, I entered an order to show cause for default judgment, (Doc.

15), which was served on Defendant on March 13, 2023, (Doc. 16).  Defendant did not appear,

file a response, or seek additional time to respond.  On April 5, 2023, I held an Order to Show

Cause hearing and Defendant did not appear.

Plaintiff has established that this Court has federal question subject matter jurisdiction, that Defendant was properly served, and that Defendant is subject to personal jurisdiction as a limited liability company that is registered with the New York Secretary of State under the laws of the State of New York.  (*See* Docs. 1 and 6.)  Accepting the allegations in their complaint as true, I find that Plaintiff has also established Defendant's liability under 29 U.S.C. §§ 1145.

In addition to establishing liability, "[o]n a motion for default judgment, a plaintiff must prove damages with reasonable certainty."  *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 477 (E.D.N.Y. 2021) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  District judges are afforded "much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."  *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (citing Fed R. Civ. P. 55(b)(2)).  However, simply "accept[ing]" a plaintiff's "statement of the damages" will not "satisfy the court's obligation to ensure that the damages were appropriate."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).  While Defendant has established liability, I find that an inquest is necessary for the determination of Plaintiff's damages and attorneys' fees and costs.

In accordance with the above and my comments at the Order to Show Cause hearing on April 5, 2023, it is hereby ORDERED that default judgment as to liability is entered in favor of Plaintiff against Defendant.  It is further ORDERED that this action is referred to Magistrate Judge James L. Cott for an inquest on the amount of damages and attorneys' fees and costs owed to Plaintiffs.  Plaintiffs are directed to serve this order on Defendant and file an affidavit of such service on or before April 28, 2023.

SO ORDERED.

Dated:      April 5, 2023
            New York, New York

            _____
            Vernon S. Broderick
            United States District Judge